Good morning, Your Honors. At issue in this case is whether this Court should authorize Mr. Chen's Section 2255 petition so that he can bring a Johnson challenge to his 924C conviction. Now, Your Honor, at this stage of the proceedings, Mr. Chen has a very low burden, a low burden that N. Ray Hubbard dictates he has satisfied. I know the government wants to run from Hubbard, they want to undo Hubbard, but it's the law. In Hubbard, this Court held that a movement's application for authorization to seek a successive petition should be authorized if the gatekeeping requirements of Section 2255 are met, if the defendant or the petitioner makes a prima facie showing that those standards are met. And N. Ray Hubbard told us how that is to be met. N. Ray Hubbard said if a movement relies on Johnson, then that is met because Johnson is a new case that has produced a new rule of constitutional law that the Supreme Court has made retroactive. So it follows that Mr. Chen... Let me ask you, if we're going to do a very formulaic look, then it seems to me we ought to be consistent across the board on that, and Johnson clearly dealt only with 924E, and you're asking for an extension of Johnson to 924C, which requires a new decision. And probably a new rule. So if we're going to just look at it in that, at that level of generality, I'm not sure you advance your case that well. Well, Your Honor, N. Ray Hubbard addressed that because the movement did say that it was premature and this would be resulting in a new rule. But N. Ray Hubbard made very clear, the court said, that the question about whether or not Johnson applies to 16B or any other provision is something for the district court to resolve on the merits. I mean, this court addressed that. That isn't my point. My point is to do so requires an extension. In other words, you can't come under the holding of Johnson because Johnson addressed the peculiarities of 924E. And to extend it to a statute 924C, which has different language, it may be something that can be extended, but it may not be. But it is in any event, well, it requires a new rule. In other words, you would have to now decide that 924C is unconstitutional. But Hubbard said that whether or not Johnson applies or extends to a 924C or 16B or any other provision is not the relevant question at this stage of the proceedings. The relevant question is whether Johnson itself produces a new rule of constitutional law. And this is a quote, Your Honor, from Hubbard. It says that the most plausible interpretation of the government's position is that Hubbard's present motion fails the third element that a new rule was previously unavailable, not because the Johnson rule was previously available to him, but because the third section 2255H2 element implies that a movement may only obtain authorization where the new rule becomes available to him insofar as it can affect his case. Thus, the government could be understood to argue that a plaintiff cannot proceed, even from this early stage, if the new constitutional rule cannot affect the provision on which his conviction or sense was based. The argument fails here, however, because it is for the district court to determine whether the new rule extends to the movement's case, not for this court in this proceeding. So that's the law, Your Honor. That's in Ray Hubbard. That came out. That addressed this specific provision. If this court were to say that we can't get in because of another new rule, then that would gut Hubbard, because in Hubbard also the Supreme Court has not yet said that Johnson applies to 16b, yet the court authorized the petition. So, Your Honor, under Hubbard, there is no way out. The gatekeeping requirements are met here. Now, Your Honor, Hubbard did say that even though the focus of the inquiry at this stage of the proceedings must mostly remain on the gatekeeping requirements, which we have just talked about, this court said that a cursory glance of the merits can be done. But even there, all that means is that we have to show that we have a claim that is not implausible, nothing more. And the court emphasized that this is a very, very, very hard burden for the hurdle for the government to get past. The court said that the government has an almost insurmountable hurdle in arguing against the merits, Your Honor. So basically at this stage of the proceedings, I know there's been some debate in the last argument about whether the 924C residual clause is void for vagueness. But, you know, the only way the government can win here, Your Honor, at this stage of the proceedings is if the government says that if our argument is frivolous, essentially, Your Honor, we don't have to be right. We don't have to be probably right. We have to be maybe right that the Section 924C residual clause is void for vagueness. And certainly, with all the litigation, with four circuits now saying the identical 16B residual clause is void for vagueness. I disagree with 924C. Pardon me? Isn't this a 924C case? Sure, Your Honor. But I don't – I'm not prepared at this point to equate the cases. I know we've in footnotes said the language is similar and may be applicable. But it seems to me we ought to be talking about a 924C case where they're seeking a second habeas or a 2255 petition because of Johnson. Right, Your Honor. And this Court has authorized hundreds of petitions, and other courts have too, challenging Section 920 – making Johnson Section 924C challenges, Your Honor. Again, our burden here is very, very low. We just have to show that our claim is plausible, Your Honor. That's it. The very fact that we're debating whether or not the Section 924C residual clause is void for vagueness means that this petition has to be authorized. And now we have the Supreme Court – The 2255H language has to mean something. Sure it does, Your Honor. It looks like you're telling me that it's just virtually nothing, that we can just wave on past it. And, you know, the question that I do have is that we talk about a rule made retroactive by the Supreme Court, and that word made is in the past tense. And I'm wondering if you're trying to, say, change the word made in the statute to might make. In other words, that's one of the questions that I have. And then the other question I have is the fact that the motion for authorization of a successive petition has to show that there's a new rule made retroactive by the Supreme Court. Not that there might be a new rule. So what my concern is, is that you're changing the whole nature of the statute in 2255H2 from something that has been done, has been made retroactive, into something that might be done and is a subject of speculation. And this just changes the whole time frame from past to future. I mean, doesn't it rewrite the statute? No, you would have to say Hubbard rewrote the statute then. Because in Hubbard, the Supreme Court hasn't specifically said and had not said when Hubbard was decided that Johnson is retroactive as applied to 16B. And in fact, the Hubbard court said, look, because in Welch, the Supreme Court had said Johnson is retroactive. Retroactivity doesn't depend upon context. Either something is retroactive or not. It hasn't even decided the question about 924E of 924C. In fact, the certiorari has been granted on that question. I don't think they've set an argument date for it yet. They have on November 28. Pardon me? They have on November 28. You're talking about Beckles? No, I'm not talking about Beckles. Oh, I'm sorry. Because Beckles deals with the career offender provision. Right. And that's not what we're talking about here. We're talking not about 4B1.1. We're talking about 924C. And what I'm saying is the Supreme Court has granted certiorari on the question. And I don't think they've set an argument date for that particular case. And so that very act that the Supreme Court will consider in the future, whether there is a rule here and whether it should be made retroactive, that itself is a concession that it has not been done. It's all in the future. And yet the statute reads in terms of what has been done. And the case hasn't been even heard yet. Well, Your Honor, well, that would gut Hubbard then. Because in Hubbard, this court found that even though the Supreme Court has not yet said that Johnson is specifically retroactive to 16B, the court found that it is not context dependent. The Supreme Court has said that Johnson is retroactive, and that means it's retroactive. I'm asking you to argue in terms of the statute. What is being done to this statute? And, Your Honor, also in terms of this statute, the Supreme Court doesn't have to explicitly say that something is retroactive. For years it says made retroactive. Right, right. But it can be. It does have to say it. But it can be implicit, Your Honor, because the Supreme Court has said that. Where do you get the word implicit in the statute? There's a case. Is the word implicit? It says made retroactive by the Supreme Court. Right, but this court has said that there's a two-step process, because if the Supreme Court has said that a certain type of rule is retroactive and then that rule is applied, it's a two-step process that can make something retroactive, Your Honor. And so, Your Honor, here, if Johnson was to apply to 924C and it renders conduct which was once criminal no longer criminal. The Supreme Court regards this as a sufficiently different case that they're hearing argument on. They're not just taking challenges to 924C and vacating and remanding for reconsideration in light of Johnson. They're not doing that. They are hearing this 924C challenge as a separate challenge, as a distinct case. And they don't regard, oh, well, it's just somewhere in the area and we'll vacate and remand. They regard it as a different case. And it is in that case that they will either announce the rule or decline to announce the rule or make it retroactive or not make it retroactive. And that's what the statute says, which is, as I say, geared in all its language toward what the Supreme Court has done, not what it might conceivably do. What are we doing to the statute? Your Honor, I think that... We have to follow these things. Right. And this Court did that in Hubbard, Your Honor, because it looked at the gatekeeping requirements. And the gatekeeping requirements say that the movement must rely on a case that's produced a new rule of constitutional law that the Supreme Court has made retroactive. And this Court said you look at Johnson itself, not Johnson as applied to or extended to any other provision, because that is something that should be left for the district court to resolve. Your Honor, 2255H2, it's gatekeeping requirements. It doesn't seem to be, in your view, much of a gatekeeping requirement at all as far as I'm concerned. The lock has been removed from the gate and the gate has been flown open. I think the purpose of it is... There's no gatekeeping at all. It's to open the gate, but it's not to open and close the gate all at once, Your Honor. So I don't think everything has to be resolved at this stage. It's a very preliminary stage. That's why this Court has authorized hundreds of Johnson Section 924C challenges. The argument, the counterargument to that is it's a very preliminary stage, but Congress put that in for a reason. And why did they put it in for a reason? It's because it's a successive petition. You know, that there's got to be some sort of finality imposed on this process so that there doesn't get to be cases relitigated and relitigated and relitigated and petitions brought one after the other. And so it put limits on that. And the limits are explicit and they're not hard to follow. And the reason is you've got to say, well, it's a gatekeeping requirement. It's not much of a gatekeeping requirement from where you're coming from. But to the degree that it's a gatekeeping requirement, it is as a reason, which is that Congress didn't want these collateral attacks to go on interminably. Your Honor, it's still – there's going to be a rare case like Johnson which allows us to come back in under the gate. There have been many cases, Booker, Blakely, DeCamps, Begay. We can't come back. We couldn't come back in under 2055H2 because this is stringent. Could you come back in if the Supreme Court rules in your favor and extends Johnson to 924C? Could you come back in then with a successive petition? Your Honor, yes. As long as they made that retroactive, too. Yes, Your Honor. I think we would be most likely be able to. But you're premature. Well, no, Your Honor. It depends on how the Supreme Court rules. If they say that if the rule was dictated. And if it rules in your favor, then, you know, the judge in the land would say you shouldn't be allowed to go in with a second successive petition. The question is, is this – are we jumping the gun? No, Your Honor. In re Hubbard is the law in this circuit. And it is absolutely the law that this court has to follow. And this court specifically addressed that question and specifically said whether or not Johnson applies to any provision is a question of the merits for the district court to resolve. And that here, if a movement relies on Johnson, the relevant rule is Johnson itself. And so we have to come back in. So if this court wants to gut Hubbard, that's the only way, Your Honor, that this court can rule in favor of the government. We appreciate your argument. Thank you. Ms. Golaska. Thank you. Good morning. The court has it exactly right. Mr. Chen is premature. The fundamental question here is whether a petitioner can use the vehicle of a second or successive collateral attack on a conviction to argue for an extension of Supreme Court precedent. The answer to that question is no. And the government urges the court to think of the two possibilities that could result if Mr. Chen wins here and is allowed to file his second or successive, I think by now it's his third habeas petition, on a 20-year-old conviction. Either the district court or. . . What about Hubbard? Yes, Your Honor. I disagree. The government disagrees with the petitioner's position that the court has to overrule or gut Hubbard. Of course, one panel cannot overrule a prior panel's decision. Hubbard dealt with Section 16B by its very terms. It did not deal with 924C. There were two questions presented there originally, including the question of whether Johnson extended to 924C. But by the time the court actually heard Hubbard, a different panel had decided that bank robbery, the predicate crime, was covered under the Force Clause of 924C. So Hubbard set aside the question of 924C altogether, and now what we are dealing with is Section 924C. So the government does not believe that Hubbard controls here. As my colleague said in the prior argument as well, there are differences between Section 16B and Section 924C, but I don't think the court needs to reach that here. It can limit Hubbard to its terms and its terms alone and move forward with its consideration in this case. I would urge the court to think of the two possibilities that might result from a district court's decision on the merits in this case. Say Mr. Chen is allowed to file his third habeas petition now in district court. One of two things happens. The district court either says yes, Johnson extends to 924C. Could we hold the case for DeMayan v. Lynch? I guess that's the name of the case that was granted. Yes, Your Honor. What's the question? I apologize. I'm saying they're going to resolve the vagueness question in DeMayan, are they not? Yes, Your Honor. They're going to resolve the question of whether the residual clause in 16B is void for vagueness, not 924C. So it's still a different statute, maybe a little closer to the mark, but we'll have to see, I guess, once that case is decided, really what the government's position at that point is between 16B and 924C. My argument is that if they ruled 16B unconstitutional, that Mr. Chen might have a better shot, but not necessarily a rule applicable to 924C. If the Supreme Court upholds the constitutionality of 16B, then the effort to extend Johnson to 924C is basically hopeless. Yes, Your Honor. And I know that there was some question about whether to hold this case pending the decision in DeMayan. I understand that the United States position about whether 16B and 924C are identical might be fleshed out a little bit more in the briefing on DeMayan. So at that point, depending on what the Supreme Court says, we could always come back and sort of address the issue at that point. But now we're a step even further removed from that. We have no ruling on 16B or 924C, and all we're dealing with is ACCA. If the district court agrees with Mr. Chen and says Johnson applies to 924C, well, then we're in the untenable position of a district court having answered a grave constitutional question in the context of a second or successive collateral attack, and that's a question that's going to come to the Fourth Circuit in this very bizarre procedural posture that it's not suited for. This is not the procedural posture where the court traditionally engages in its function of refining and modifying precedent, as our brief pointed out. But the more dire situation perhaps for Mr. Chen is if the district court says no, Johnson does not extend to 924C. Mr. Chen is done at that point, even if in the future the Supreme Court grants cert on the question of whether Johnson applies to 924C and agrees with Mr. Chen. He's out. He's totally done with that challenge because one court has already passed on the question, and he can't raise it again, according to AEDPA, because that will be a question, excuse me, that was presented in a prior petition, and also his statute will have run it out. The government is arguing based on what's best for Mr. Chen? I think probably you should leave that to Mr. Chen's counsel. Your Honor, that's fair. The government believes that it's not just what's fair for Mr. Chen, but that this rule really is consonant with the precedent that's set in AEDPA and the case law, but the government does actually believe that it's the fair rule for defendants as well. They wait, and Mr. Chen can still have that opportunity. They wait for the Supreme Court to actually rule on the question in their case, and if the Supreme Court rules in their favor and then decides that that decision is retroactive, at that point those petitioners can, in fact, file their second or successive petitions and obtain relief. But that is not the situation we face here, and so we believe that the petitioner here is premature. Your Honor, if the Court has no further questions about Hubbard in particular, I will cede the rest of my time, but I'm happy to answer any questions. All right. Thank you very much. Your Honor. Could you drop your glasses down there? I don't want you to end up crunching them. They're right as you walked up over there. Something fell out at the end of the table. Oh, it's a pen. Yeah, yeah, yeah. Your Honor, Judge Thacker, you asked the government about Hubbard. There is no difference on the gatekeeping requirements here because in Hubbard also, the Supreme Court has not yet held that Johnson applies to 16b or is retroactive to 16b, so the gatekeeping requirements weren't dependent upon 16b, 924C, or any other provision. In Hubbard, what the Court said is if you rely on Johnson, because Johnson itself is a new rule of constitutional law that has been made retroactive, then the petition must be authorized. And consistent with that, Your Honor, there have been hundreds of petitions that have now been authorized by this Court. So I just wanted to address that. And with that said, Your Honor, as far as the merits goes, again, this Court can only do a cursory glance of the merits, and surely the government cannot say with a straight face that it's implausible that the section 924C residual clause is void for vagueness, Your Honor. So with that said, if the Court has no more questions, then I urge you to grant Mr. Chen's successive petition. Thank you. You're just asking for authority at this point. Pardon me? Yes, Your Honor. That's it. Thank you. If you have any more questions. All right. We thank you. Thank you both. And we'll come down. We'll adjourn court and come down to Greek Council.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, Stephanie D. Thacker